IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

JOHN SIMMONS,

    Plaintiff,

v.   Civil Action No. 1:10-cv-732

TRITON TOWING, INC.
and GREGGORY G. KILLINGSWORTH,

    Defendants.
_____/

## ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, by and through his undersigned counsel, and sues the Defendants, TRITON TOWING, INC. and GREGGORY G. KILLINGSWORTH, and in support thereof states as follows:

1. Plaintiff brings this action for unpaid overtime compensation and other relief under the Fair Labor Standards Act.

2. Plaintiff is an individual residing in Travis County, Texas.

3. Defendant, TRITON TOWING, INC., is a corporation formed and existing under the laws of the State of Texas and whose principal place of business is in Travis County, Texas.

4. Defendant, GREGGORY G. KILLINGSWORTH, is an individual residing in Travis County, Texas and at all times relevant to this claim acted directly or indirectly in the interest of Defendant TRITON TOWING, INC., in relation to Plaintiff's employment and was substantially in control of the terms and conditions of the Plaintiff's work. Defendant GREGGORY G. KILLINGSWORTH was an employer as defined by 29 U.S.C. §203(d)

5. Jurisdiction is conferred on this Court by Title 28 U.S.C. §1337 and by Title 29 U.S.C. §216(b). At all time pertinent to this material to this Complaint, TRITION TOWING, INC., was an enterprise engaged in interstate commerce. At all times pertinent to this Complaint, Defendants regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s). Additionally, Plaintiff was individually engaged in commerce and his work was essential to Defendants' business. Venue is proper in this district under 28 U.S.C. § 1391.

6. The Plaintiff worked for Defendants from November 2007 through January 2009 as a tow truck operator.

7. During one or more weeks of Plaintiff's employment with Defendants, Plaintiff worked in excess of forty (40) hours (overtime hours).

8. During one or more weeks of Plaintiff's employment with Defendants wherein Plaintiff worked overtime hours, Defendants have failed to pay Plaintiff one and one-half times his regular rate of pay for each overtime hour worked.

9. The acts described in the preceding paragraph violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for hours worked in excess of forty (40) per work week. Defendants willfully violated Plaintiff's rights under the FLSA.

10. As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid and which should have been paid.

11. Plaintiff further seeks liquidated damages as a result of Defendants' willful failure and refusal to pay overtime in violation of Section 7 of the FLSA, 29 U.S.C. § 207.

12. Plaintiff also seeks compensation of the out-of-pocket expenses and costs of court

he will have incurred in this action. Plaintiff is also entitled to reasonable and necessary attorneys fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1. The Court assume jurisdiction of this cause and that Defendants be cited to appear;

2. The Court award damages to Plaintiff as specified above with Defendants being found jointly and severally liable;

3. The Court award reasonable and necessary attorneys' and expert fees and costs;

4. The Court award Plaintiff pre-and post-judgment interest at the highest rates allowed.

Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted this 02nd day of October, 2010.

>ROSS LAW GROUP
>1104 San Antonio Street
>Austin, Texas 78701
>(512) 474-7677 Telephone
>(512) 474-5306 Facsimile
>
>_____
>CHARLES L. SCALISE
>ATTORNEY FOR PLAINTIFF